**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Felipe Daniel TAPIA–ROMERO, a/k/a David Perales Meraz, Daniel Pato, Felipe Daniel Pato, Felipe Romero Pato, Felipe Romero, Felipe Daniel Romero, Daniel Sanchez, Danny Tapia, Felipe Tapia, Felipe Daniel Tapia, Felipe Romero Tapia, Felipe Daniel Topia, Defendant–Appellant.**

No. 05–50121.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2006.

Submission deferred Nov. 22, 2006.

Resubmitted April 24, 2008.

Filed May 1, 2008.

Becky S. Walker, Esq., Ranee A. Katzenstein, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Pamela L.

Johnston, Esq., Foley & Lardner, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM *

Felipe Daniel Tapia–Romero appeals his sentence and several terms of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm on all but one issue in this memorandum disposition. We address the remaining issue—whether the district court erred by declining to consider, under 18 U.S.C. § 3553(a), the cost to society of a defendant's term of imprisonment—in an accompanying opinion.

The sentence imposed by the district court was neither procedurally erroneous nor substantively unreasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) ("[O]nly a procedurally erroneous or substantively unreasonable sentence will be set aside."). That the district court, after considering all the relevant facts, chose to place more emphasis on Tapia–Romero's recidivism than on facts that *might* be interpreted to reflect more favorably on Tapia–Romero merely shows that the court appropriately exercised its discretion. *See id.* ("The abuse of discretion standard applies to all sentencing decisions . . . .").

---

The district court did not plainly err when it allowed the probation officer to determine Tapia–Romero's share of the treatment costs. *See United States v. Dupas*, 419 F.3d 916, 922–24 (9th Cir.2005). Finally, the district court did not violate Tapia–Romero's Fifth Amendment rights when it imposed the reporting requirement. *See United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772–73 (9th Cir. 2006).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.